IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

2010 JUN 24  PM 3:04

ANTHONY W. GIORDANO, an individual, )
and )
MICHELLE A. GIORDANO, an individual, )
  Plaintiffs, )
vs. )
REALTYTRAC, INCORPORATED, a Nevada )
Corporation, )
  Defendant. )
Serve at:  HOLD SERVICE )
Paracorp Incorporated )
Registered Agent for RealtyTrac, Inc. )
318 N CARSON ST #208 )
Carson City, NV  89701 )

Cause No. 10SL-CC02524

Division No.



## PETITION

COME NOW plaintiffs, Anthony W. Giordano and Michelle A. Giordano (the "Giordanos"), by and through their undersigned counsel, and for its petition against Defendant RealtyTrac, Incorporated ("RealtyTrac"), hereby state as follows:

1. The Giordanos are residents of Missouri who own a home located at 5 Forest Club Drive, Chesterfield, Missouri 63005 (the "Property").

2. The Giordanos are not public officials or public figures.

3. RealtyTrac is a for-profit corporation existing under the laws of the state of Nevada and headquartered in Irvine, California.

1577182.6\101747.06612

4. RealtyTrac describes itself as maintaining a "nationwide database" of "distressed properties" and offering online (www. realtytrac.com) and email foreclosure listings "include[ing] all types of pre-foreclosure and foreclosure homes, from properties in default… to foreclosure auctions… to bank foreclosure homes" which allow readers to "find foreclosure properties that match [their] criteria."

5. Upon information and belief, RealtyTrac's website is accessible to all residents of Missouri through the internet.

6. Upon information and belief, RealtyTrac has solicited and obtained "members" from Missouri who get, among other things, "[p]roperty addresses of over 1.5 million pre-foreclosure, foreclosure auction, bank-owned, and government owned properties, updated daily" as well as "[n]ew property alerts sent via e-mail" and "[o]wner, trustee, and lender contact information."

7. RealtyTrac has admitted that it published false information regarding the Giordanos pertaining to their property located at 5 Forest Club Drive, Chesterfield, Missouri 63005 (the "Giordanos' Property"). Specifically, RealtyTrac misrepresented that the Giordanos had allowed their residence to lapse into the first stages of foreclosure.

8. RealtyTrac has also represented that the "record" upon which it relied when they classified the Giordanos' Property as in pre-foreclosure was actually the recordation of a "Substitution of Trustee."

9. RealtyTrac has admitted that it knows a "Substitution of Trustee" does not establish that a property is in pre-foreclosure.

-2-

10. RealtyTrac made no effort to confirm the accuracy of its defamatory statements.

11. RealtyTrac did more than passively forward, via the web and email, the erroneous information;" instead, it published, both online and via email to its members, that the Giordanos' Property was in "pre-foreclosure."

12. RealtyTrac also provided ownership information specifically identifying the Giordanos as the owners of the property falsely labeled as in pre-foreclosure.

13. Sometime in late August 2008, the Giordanos received a letter expressing to them that they (the anonymous letter writer) wanted them to be aware that RealtyTrac had published that the Giordanos were suffering economic hardship leading to pre-foreclosure.

14. The Giordanos had, in fact, timely paid their mortgage and were neither in default nor subject to pre-foreclosure.

15. Mr. Giordano immediately contacted RealtyTrac via email, on or about August 30, 2008, informed it of the false categorization of their property, asked that the defamatory listing be deleted, and that a retraction be posted and sent to those who had received it.

16. Soon after, real estate speculators, relying upon RealtyTrac's false publication and as a direct result of Defendant's false defamatory statements, began to contact the Giordanos to take advantage of their alleged poor financial health to buy the falsely identified distressed property.

17. Mr. Giordano again emailed RealtyTrac on or about September 2, 2008, and advised it again of the false categorization of their property, asked that the defamatory listing be deleted, and that a retraction be posted and sent to those who had received it.

18. Still subject to inquiries by those seeking to take advantage of the Giordanos' false financial problems, Mr. Giordano again emailed RealtyTrac on or about September 16, 2008, inquiring about the "investigation" and again asserting strongly his view that not only should the false listing be deleted, but also that a "retraction statement [be sent] to all who received [it]."

19. Mr. Giordano never received a response to his query of September 16.

20. The Giordanos' counsel sent RealtyTrac a letter on or about October 29, 2008, reasserting the facts outlined above and restating the Giordanos' demand for a retraction.

21. RealtyTrac still has failed to retract its damaging defamatory statements.

22. RealtyTrac published information concerning the Giordanos when it posted the statement that the Giordanos' Property was in "pre-foreclosure" due to a notice of default on its website and in emails to it members.

23. The Property was not in pre-foreclosure and there was no notice of default.

24. RealtyTrac was at fault in publishing this false statement.

25. RealtyTrac published the false statement with reckless disregard for whether it was true or false given its failure to investigate and confirm the status of the Property.

26. The statement was read by visitors to RealtyTrac's website and its members who received emails on distressed properties, including the person who left the anonymous letter for the Giordanos and the real estate speculators who contacted the Giordanos in the wake of the publication to take advantage of their alleged poor financial health to buy their Property.

27. The published false statement goes directly to the Giordanos' financial worthiness and has subjected them to significant embarrassment, contempt, and ridicule.

28. RealtyTrac's failure to investigate and confirm the status of the Property prior to publication involved an unreasonable risk of causing emotional distress to the Giordanos.

29. RealtyTrac knew or by using ordinary care could have known of such risk.

30. RealtyTrac's conduct directly and proximately caused harm and damage to the Giordanos, including but not limited to marring their reputation, causing undue embarrassment, and inflicting significant emotional distress.

WHEREFORE, the Giordanos pray for judgment against RealtyTrac for actual and punitive damages, costs, and attorneys' fees; and such other and further relief as this Court deems just and proper.

### Jury Trial Demanded

The Giordanos demand a trial by jury of all of the claims asserted so triable.

Dated: June 23, 2010

LEWIS, RICE & FINGERSH, L.C.

By: _____
David B. Helms #48941
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Phone: 314/444-7852
Fax: 314/612-7852
Email: dhelms@lewisrice.com
Attorneys for the Plaintiffs